VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON

| | | |
|---|---|---|
| TRACY RICHARDSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. CL19-667 |
| | ) | |
| VIRGINIA CVS PHARMACY, LLC | ) | |
| | ) | |
| And | ) | |
| | ) | |
| FOUNTAIN VILLA APARTMENTS, LLC, | ) | |
| | ) | |
| Defendants | ) | |

## ANSWER

COMES NOW the Defendant, Virginia CVS Pharmacy, LLC ("Virginia CVS"), by counsel, and for its Answer to the Complaint filed against it by the Plaintiff herein states as follows:

1.      Virginia CVS is without sufficient information either to admit or deny the allegations and/or conclusions contained in paragraph 1 of the Complaint.

2.      In response to the allegations and/or conclusions contained in the first three sentences of paragraph 2 of the Complaint, Virginia CVS admits only that it is a limited liability company formed in Virginia whose sole owner/member is incorporated and has its principal place of business in Rhode Island, that it is licensed to do business in Virginia, that its registered agent is CT Corporation System, 4701 Cox Road, Suite 284, Glen Allen, Virginia 23060, that it leased the store located at 918 West Mercury Boulevard, Hampton, Virginia 23666, and that it has pharmacies located in Virginia.  Virginia CVS states that the fourth sentence of paragraph 2 of the Complaint contains legal conclusions only to which it is not required to respond.  Virginia CVS denies all remaining allegations and/or conclusions contained in paragraph 2 of the Complaint.

3.      Virginia CVS states that paragraph 3 of the Complaint contains allegations and/or conclusions against another Defendant only to which it is not required to respond.

4.      In response to the allegations and/or conclusions made against it and contained in the first sentence of paragraph 4 of the Complaint, Virginia CVS admits only that on April 28, 2017, the Plaintiff entered the store located at 918 West Mercury Boulevard in Hampton, Virginia. Virginia CVS is without sufficient information either to admit or to deny the remaining allegations and/or conclusions made against it and contained in the first sentence of paragraph 4 of the Complaint. Virginia CVS denies the allegations and/or conclusions made against it and contained in the second sentence of paragraph 4 of the Complaint. Virginia CVS states that it is not required to respond to the allegations and/or conclusions made against another Defendant and contained in paragraph 4 of the Complaint.

5.      Virginia CVS states that paragraph 5 of the Complaint contains legal conclusions only to which it is not required to respond.

6.      Virginia CVS denies all allegations and/or conclusions made against it and contained in paragraphs 6 and 7 of the Complaint. Virginia CVS states that it is not required to respond to the allegations and/or conclusions made against another Defendant and contained in paragraphs 6 and 7 of the Complaint.

7.      Virginia CVS denies that the Plaintiff is entitled to any of the relief requested in the final, unnumbered paragraph of the Complaint that begins with "WHEREFORE."

8.      Virginia CVS denies all allegations and/or conclusions contained in the Complaint that are not specifically admitted herein.

9.      Virginia CVS denies that it, or anyone for whom at law it would be responsible, breached or violated any duty owing to the Plaintiff or has been guilty of any negligence whatsoever.

10.      Virginia CVS denies that any act or omission on its part, or on the part of anyone for whom at law it would be responsible, was a proximate cause of any injury to the Plaintiff.

11.      Virginia CVS denies that it, or anyone for whom at law it would be responsible, is obligated to the Plaintiff in any amount or for any cause whatsoever.

12.      Virginia CVS states that the Complaint fails to state a cause of action for negligence under Virginia law.

13.      Virginia CVS alleges and charges that the injuries and damages claimed by the Plaintiff were unavoidable as to it.

14.      Virginia CVS affirmatively alleges that any purported defect on the premises was open and obvious, thereby barring any recovery against it by the Plaintiff.

15.      Virginia CVS affirmatively alleges that the Plaintiff was contributorily negligent, thereby barring any recovery against it by the Plaintiff.

16.      Virginia CVS reserves the right to rely on any other defenses which may be available to it, including assumption of the risk and failure to mitigate damages, should evidence developed during discovery or at trial support such defenses.

17.      Virginia CVS reserves the right to amend this Answer at such time as it may be advised.

WHEREFORE, for the foregoing reasons, Virginia CVS Pharmacy, LLC demands judgment on its behalf, together with its costs expended herein.

TRIAL BY JURY IS DEMANDED.

VIRGINIA CVS PHARMACY, LLC

By Counsel

*Michelle Warden*

Carlyle R. Wimbish, III, Esq. (VSB #31372)
Michelle L. Warden, Esq. (VSB #77266)
WIMBISH GENTILE McCRAY & ROEBER PLLC
8730 Stony Point Parkway, Suite 201
Richmond, VA  23235
Phone: (804) 655-4830
Fax: (804) 980-7819
rwimbish@wgmrlaw.com
mwarden@wgmrlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer was sent via electronic mail and first-class mail, postage fully pre-paid, this 18th day of February 2020 to:

Stephen F. Forbes (VSB #21972)
Forbes & Broadwell
606 Aberdeen Road
Hampton, Virginia 23661
(757) 825-8835
(757) 825-8978
*Counsel for Plaintiff*

Fountain Villa Apartments, LLC
Statutory Agent/Virginia State Corporation Commission
1300 East Main Street
Richmond, VA 23219
*Defendant*

*Michelle Warden*